# EXHIBIT A

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN THE COUNTY OF KING

| | |
|---|---|
| CHANEL HORNER, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CITY OF SEATTLE; OFFICER ROBERT STROZIER, in his individual capacity; and LINCOLN TOWING ENTERPRISES, INC., <br><br>　　　　Defendants. | NO. <br><br>COMPLAINT AND JURY DEMAND <br><br>**Jury Trial Requested** |

The Plaintiff, by and through her attorneys of record, alleges as follows:

## I.　INTRODUCTION

1. This suit involves the seizure of an unhoused person's vehicle, a bus, which she was living in at the time of the seizure.

2. The Seattle police officer who made the decision to impound Plaintiff's vehicle, was informed that there was an alternative to seizure and that a third party was available and willing to come to the scene to tow the vehicle to another location, but the officer refused to consider that alternative, refused to wait for the arrival of the third party, and directed the City of Seattle's agent, Lincoln Towing Enterprises Inc., to seize and tow the bus away. The bus was towed to a Lincoln Towing Enterprises, Inc. impound lot.

3. When Horner sought to claim the bus at the Lincoln Towing Enterprises, Inc.

COMPLAINT AND JURY DEMAND – 1

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

lot, the City of Seattle and Lincoln Towing Enterprises, Inc. refused to release it for a period of nearly two months.

4. During the time that the bus was kept at the Lincoln Towing Enterprises, Inc. impound lot, it was vandalized and items of Plaintiff Chanel Horner's property, which she kept inside the bus, were stolen and damaged. Plaintiff Chanel Horner seeks damages for her property losses.

## II.    PARTIES

5. Chanel Horner (hereafter "Horner") is a resident of King County, Washington.

6. The City of Seattle (hereafter "City") is a municipality and a political subdivision of the State of Washington.

7. Robert Strozier (hereafter "Strozier") is a Parking Enforcement Officer that is employed by the City. At all times pertinent and relevant to this action, Strozier was employed as a Parking Enforcement Officer by the City, and at all times mentioned herein acted in the course and scope of his employment and under color of law. Strozier is sued in his individual capacity.

8. Lincoln Towing Enterprises, Inc. (hereafter "Lincoln Towing"), a for-profit corporation, has its principal place of business in Washington State in Seattle, contracts with the City of Seattle to provide vehicle towing services, and is an agent of the City of Seattle.

## III.    JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter.

10. All the claims advanced by Plaintiff arose in King County, Washington.

11. The defendant City is located entirely within King County, Washington. Venue properly lies in the King County Superior Court.

12. On information and belief, the defendant Robert Strozier is a resident of King County, Washington. Venue properly lies in the King County Superior Court.

COMPLAINT AND JURY DEMAND – 2

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

13. The defendant Lincoln Towing is located and does business in King County, Washington. Venue properly lies in the King County Superior Court.

### IV.    OPERATIVE FACTS

14. In September of 2022, Chanel Horner was living in the City of Seattle.

15. At that time, Horner was unemployed, financially destitute, and the only "income" that she was receiving at that time was food stamps in the amount of roughly $300 each month.

16. At that time, she was living in her vehicle, a bus.

17. Her bus was manufactured by the Orion Company. She bought it in 2021. Her bus runs on natural gas. It will not run on any other kind of gas.

18. At that time, she was houseless, and, therefore, she was using her bus as her residence.

19. She kept all her worldly possessions in her bus.

20. In late August or early September of 2022, Horner learned that on September 15, 2022, the City of Seattle intended to do a sweep of all vehicles parked on the 5000 block of Colorado Avenue South, in Seattle, Washington.

21. The City refers to such sweeps as "remediations."

22. Horner was living in her bus on that block for the first half of September.

23. Horner intended to remove her bus from that block prior to the City's scheduled September 15 sweep.

24. On the evening of September 14, 2022, Horner discovered that her bus had run out of natural gas because the gas cap had not been tightened and all the compressed natural gas inside the gas tank (?) had evaporated.

25. Around 6:00 a.m. on September 15, 2022, Horner contacted Evergreen Services REACH (hereafter "REACH"), an organization that helps the unhoused, and asked for help.

26. REACH agreed to help her. REACH agreed to have a private towing company

COMPLAINT AND JURY DEMAND – 3

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

come to Horner's location and to tow her bus to a compressed natural gas station located a few blocks away in South Park. It was necessary for Horner's vehicle to be towed to the natural gas station, as delivery of compressed natural gas was not possible.

27. The City's parking enforcement officers arrived at Horner's location later that morning.

28. Horner told the parking enforcement officers that she was unhoused, that she was living in the bus, that it could not be driven because it had run out of natural gas, and that she had arranged for a private tow truck to come and tow her to a natural gas station.

29. Officer Robert Strozier, a Parking Enforcement Officer employed by the Seattle Police Department, told Horner that a city tow truck was on the way and that if it got there before the private tow truck, the city tow truck was going to tow her bus away.

30. Also that morning, a REACH representative contacted City employee James Alan Shepard, a Planning and Development Specialist employed by Seattle Public Utilities. The REACH representative told Shepard that REACH had made arrangements for a private tow company to tow Horner's bus later that day.

31 Mr. Shepard told the REACH representative that this was not an option and that the City was going to proceed with the impound of her bus.

32. When the Lincoln Towing tow truck arrived, Horner asked Strozier if he could simply wait for a private tow truck to arrive, or, if he could not do that, if he would direct Lincoln Towing to tow the bus to the nearby compressed gas station. Strozier refused both requests saying that Lincoln Towing had to tow it and that it had to be towed to a Lincoln Towing impound lot.

33. At the direction of Officer Strozier, Lincoln Towing impounded Horner's bus and towed it away.

34. Later that day, Horner visited three Lincoln Towing impound lots in an attempt to get her bus back.

COMPLAINT AND JURY DEMAND – 4

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

35. Around 3 p.m., she visited the Lincoln Towing lot at 8425 1st Avenue South. Her bus was not there.

36. Horner asked how she could request a hearing to contest the impound of her bus. She was told by a Lincoln Towing employee that it was too late in the day to do that, and the employee did not know how she could make a hearing request.

37. Horner then went to a second Lincoln Towing impound lot located at 3460 1st Avenue South around 3:30 p.m. There, a Lincoln Towing employee told her that she did not have a fax machine and could not submit a request for an expedited hearing.

38. Still later that same day, Horner went to a third Lincoln Towing impound lot located at 12220 Aurora Avenue North. Horner found her vehicle at this location. There she was told that she could not make any request for an impound hearing because she was not the registered owner of the vehicle.

39. On November 9, 2022, at the request of Horner's attorney, Lincoln Towing agreed to release the bus to Horner, and she was able to get it back.

40. Because it still had no compressed gas in it, with the assistance of REACH, Horner arranged for a private towing company to tow the bus from Lincoln Towing's impound lot to a gas station in the South Park area of Seattle that sold compressed gas. At that gas station, she obtained compressed gas and thus was able to drive the vehicle again.

41. While the bus was at Lincoln Towing's impound lot, Lincoln Towing did not secure the bus or protect it from theft or vandalism.

42. When the bus was returned to her, Horner discovered that many items of her property had been stolen.

43. Horner had been keeping the cremated ashes of her deceased father in a container in the bus. It was missing when she recovered the bus.

44. Horner also discovered that many other items were missing.

45. Horner also discovered that the bus had been damaged.

COMPLAINT AND JURY DEMAND – 5

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

46. Many axle nuts were missing.

47. The inside of the bus had been torn up.

48. Despite Defendants City's and Lincoln Towing's insistence that she was not entitled to any judicial hearing to review the lawfulness of the seizure and impound of her bus, Horner eventually succeeded in obtaining an impound hearing in Seattle Municipal Court. Despite the release of her vehicle, Horner still sought a vehicle impound hearing in municipal court to determine that lawfulness of the impound and to determine the validity of the impound and towing charges that Defendants Lincoln Towing and City were attempting to collect from Horner.

49. On April 11, 2023, an impound hearing was held before a Seattle Municipal Court judge.

50. At the conclusion of the hearing, the judge ruled that the impound of Horner's bus had been "improper." (Vehicle Impound Hearing Order, with "Findings", attached as Exhibit A).

51. The court ruled that Officer Strozier "did not consider reasonable alternatives" to an impound, as required by the U.S. Constitution, the Washington State Constitution, and decisions of the Washington Supreme Court. The Court also ruled that a reasonable alternative was in fact "actually available." Consequently, the court ruled "that the impound was improper and unlawful."

## V.   CAUSES OF ACTION

### A. Conversion
### (First cause of action)
### (All Defendants)

52. Defendants committed the tort of conversion by unjustifiably and willfully interfering with Plaintiff's possession of her property.

COMPLAINT AND JURY DEMAND – 6

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

### B. Deprivation of Federal Constitutional Right to be Free from Warrantless Seizures (Fourth Amendment)
### (Second cause of action)
### (All Defendants)

53. Defendants deprived Plaintiff of her Fourth Amendment right to be free from warrantless seizures by seizing her vehicular home.

### C. Deprivation of Federal Constitutional Right to be Free from Unreasonable Seizures (Fourth Amendment)
### (Third cause of action)
### (All Defendants)

54. Defendants deprived Plaintiff of her Fourth Amendment right to be free from unreasonable seizures by seizing her vehicular home.

### D. Deprivation of Washington State Constitutional Right to be Free from Unreasonable Seizures (article 1, Section 7)
### (Fourth cause of action)
### (All Defendants)

55. Defendants deprived Plaintiff of her article 1, section 7 right to be free from an unreasonable invasion of her private affairs by seizing her vehicular home without considering an available alternative.

### E. Deprivation of Federal Constitutional Right to be Free from Excessive Fines (Eighth Amendment)
### (Fifth cause of action)
### (All Defendants)

56. Defendants violated Plaintiff's Eighth Amendment right to be free from Excessive Fines by impounding and withholding her home.

### F. Deprivation of State Constitutional Right to be Free from Excessive Fines (article 1, Section 14)
### (Sixth cause of action)
### (All Defendants)

57. Defendants deprived Plaintiff of her article 1, section 14 right to be free from Excessive Fines by impounding and withholding her home.

COMPLAINT AND JURY DEMAND – 7

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

### G. Deprivation of State and Federal Constitutional Due Process – Deprived of prompt impound hearing guaranteed by state law
### (Seventh cause of action)
### (As to Defendants City and Lincoln Towing)

58. Defendants violated Plaintiff's Fourteenth Amendment right to procedural due process by denying her a prompt post-seizure hearing which she was entitled to under both state and federal constitutional law.

### H. Violation of the Homestead Act
### (Eighth cause of action)
### (As to Defendants City and Lincoln Towing)

59. Because Horner's RV was her "principal residence," and was in fact her only residence, and because she was living in it at the time Defendants seized it, Defendants' violated the Washington Homestead Act by attaching her home as security for an impound debt and threatening a forced sale of her vehicle home in violation of the Washington Constitution, article XIX, § 1 and RCW 6.13.070. *See City of Seattle v. Long*, 493 P.3d 94 (2021).

### I. Consumer Protection Act (Unfair Act Committed in the Course of Trade or Commerce)
### (Ninth cause of action)
### (As to Defendants City and Lincoln Towing)

60. Defendants, by impounding Ms. Horner's vehicle home, withholding it, and misrepresenting the availability of an impound hearing, violated the Washington Consumer Protection Act (CPA), RCW 19.86, by engaging in unfair and deceptive acts or practices in trade or commerce.

61. To prove a violation of the CPA, a plaintiff must establish five distinct elements: (1) an unfair or deceptive act or practice occurred; (2) the act or practice occurred in trade or commerce; (3) the act or practice has an impact on the public interest; (4) the plaintiff's business or property has suffered an injury; (5) and the defendant's act or practice caused the injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

COMPLAINT AND JURY DEMAND – 8

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

62. Defendants' unfair and deceptive acts or practices occurred in the conduct of trade or commerce.

63. Defendants' unfair and deceptive acts or practices have injured or have the capacity to injure other persons, and are thereby injurious to the public interest.

64. Defendants' breach of the Consumer Protection Act constituted a willful failure to comply with the requirements imposed under RCW 19.86.

65. As a result of Defendants' unfair and deceptive acts or practices, Plaintiff has suffered damages and is entitled to damages and injunctive relief pursuant to RCW 19.86.090.

### J. Negligence
### (Tenth cause of action)
### (As to Defendants City and Lincoln Towing)

66. While the plaintiff's vehicle was in the defendants' sole possession, defendants negligently failed to exercise reasonable care to protect plaintiff's property from theft and damage, and that negligent failure was the proximate cause of the theft of her property and of damage to her property.

### K. Request For Permanent Injunction
### (Eleventh cause of action)
### (As to Defendants City of Seattle and Lincoln Towing)

67. The Court should, pursuant to RCW 19.86.090, permanently enjoin Defendants from impounding vehicles when a reasonable alternative to impound exists as required under the Washington State and U.S. Constitutions, except as under such conditions as the Court may require.

68. The Court should, pursuant to RCW 19.86.090, permanently enjoin Defendants from refusing to grant individuals their right to a vehicle impound hearing, except as under such conditions as the Court may require.

### VI. JURY DEMAND

Plaintiff demands a jury of twelve.

COMPLAINT AND JURY DEMAND – 9

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## VII.   TORT CLAIM

Plaintiff filed a tort claim with the City of Seattle on June 25, 2024. The City acknowledged receipt of the claim that same day and again on June 27, 2024. Sixty (60) days have elapsed since the filing of the claim with the City of Seattle.

## VIII.   RELIEF REQUESTED

Plaintiff hereby requests that the Court grant the following relief:

1. Judgment against the City of Seattle and Lincoln Towing Enterprises, Inc. for general damages and special damages in amounts to be proved at trial.

2. Punitive damages in an amount to be determined by the jury at trial.

3. That plaintiff be awarded her statutory costs as provided for by RCW 4.84.010.

4. That plaintiff be awarded her costs and attorneys' fees as provided for by 42 U.S.C. §1988 for violation of her federal rights.

5. That plaintiff be awarded her actual damages, treble damages, costs, and reasonable attorneys' fees as provided for by the Washington Consumer Protection Act, RCW 19.86.010 et seq., including RCW 19.86.090.

6. An injunction order that prevents Defendants and their successors from conducting further violations of RCW 19.86; and

7. That the Court grant such other relief as may be just and equitable.

COMPLAINT AND JURY DEMAND – 10

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DATED this 9th day of September, 2024.

CARNEY BADLEY SPELLMAN, P.S.

By *s/James E. Lobsenz*
James E. Lobsenz WSBA #8787
lobsenz@carneylaw.com

NORTHWEST JUSTICE PROJECT

By *s/Fadi Assaf*
Fadi Assaf, WSBA #13658
fadi.assaf@nwjustice.org

Attorneys for Plaintiff

COMPLAINT AND JURY DEMAND – 11

PB-0011 7712115

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

# EXHIBIT A

THE MUNICIPAL COURT OF SEATTLE



# VEHICLE IMPOUND HEARING - VEHICLE RELEASE FORM

CITATION NO. _____  INFRACTION CODE _____

DEFENDANT'S NAME _____  DOB _____

ADDRESS _____

CITY _____  STATE _____  ZIP _____

VEHICLE LICENSE # _____  STATE _____

VEHICLE MAKE: _____  YEAR: _____  STYLE: _____

REGISTERED OWNER: _____

IMPOUND DATE: _____  TOW COMPANY: _____

## FINDINGS

The infraction (if any) was:      COMMITTED __X__      NOT COMMITTED _____

The scofflaw status of the vehicle is:   UPHELD _____      DENIED _____

The impound of the vehicle was:   PROPER _____   IMPROPER __X__

The Defendant: _____ IS IN A STATE OF EXTREME FINANCIAL NEED, BASED UPON A REVIEW OF HIS/HER CURRENT INCOME, ASSETS AND LIABILITIES.

The Defendant: _____ CAN EFFECTIVELY GUARANTEE PAYMENT BY EXECUTING A PROMISSORY NOTE FOR THE TOTAL AMOUNT OWED, INCLUDING ALL RELEVANT FINES, FEES, AND COSTS, PLUS INTEREST.

## IMPOUND VEHICLE RELEASE ORDER

_____ [SCOFFLAW] RELEASE vehicle upon confirmation that the Defendant either paid all costs, fines, fees, and penalties owed to the Court and its collection agency, as well as the immobilization release fee and costs of impound and storage, and/or upon confirmation that the Defendant signed a promissory note, payable to Seattle Municipal Court/City of Seattle, for some or all of the afore-mentioned amounts.

_____ RELEASE vehicle upon payment to the towing company of impound and storage fees of _____

_____ RELEASE vehicle upon confirmation that the Defendant signed a promissory note, payable to Seattle Municipal Court, in the amount of $_____, plus interest.

_____ RELEASE vehicle to the Defendant at no charge to the Defendant.

**THE VEHICLE MUST BE CLAIMED FROM THE TOWING COMPANY BY MIDNIGHT OF THE DATE OF THIS ORDER.** DEFENDANT MUST PAY ANY ADDITIONAL STORAGE CHARGES THAT ACCRUE AFTER MIDNIGHT.

4/11/2023

_____         _____
Date                                                   Judge/ Magistrate

710-013   VehicleImpoundHearing –VehicleRelease   January 2012   Distribution: white – Court, canary – Defendant, pink - LCA