UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHANEL HORNER,<br><br>                     Plaintiff,<br><br>   v.<br><br>CITY OF SEATTLE; OFFICER ROBERT STROZIER; and LINCOLN TOWING ENTERPRISES, INC.,<br><br>                     Defendants. | Case No. 2:24-cv-01488-RSL<br><br>Hon. Robert S. Lasnik<br><br>**DEFENDANT LINCOLN TOWING ENTERPRISES, INC.'s ANSWER TO COMPLAINT** |

COMES NOW defendant Lincoln Towing Enterprises, Inc. ("Defendant Lincoln") by and through its undersigned counsel of record, Daniel P. Mallove of the Law Office of Daniel P. Mallove, PLLC, and hereby Answers plaintiff's Complaint as follows:

## I.    INTRODUCTION

1.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of plaintiff's Complaint and, therefore, denies those allegations.

2.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of plaintiff's Complaint

DEFENDANT LINCOLN TOWING'S
ANSWER TO COMPLAINT - 1

and, therefore, denies those allegations with the exception that Defendant Lincoln admits that the bus was towed to a Lincoln Towing Enterprises, Inc. impound lot.

3. Defendant Lincoln denies the allegations contained in paragraph 3 of plaintiff's Complaint.

4. Defendant Lincoln denies the allegations contained in paragraph 4 of plaintiff's Complaint.

## II.    PARTIES

5. Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of plaintiff's Complaint and, therefore, denies those allegations.

6. Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of plaintiff's Complaint and, therefore, denies those allegations.

7. Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of plaintiff's Complaint and, therefore, denies those allegations.

8. Defendant Lincoln admits the allegations contained in paragraph 8 of plaintiff's Complaint.

## III.    JURIDICTION AND VENUE

9. Defendant Lincoln admits the allegations contained in paragraph 9 of plaintiff's Complaint.

10.     Defendant Lincoln admits the allegations contained in paragraph 10 of plaintiff's Complaint.

11.     Defendant Lincoln admits the allegations contained in paragraph 11 of plaintiff's Complaint.

12.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of plaintiff's Complaint and, therefore, denies those allegations.

13.     Defendant Lincoln admits the allegations contained in paragraph 13 of plaintiff's Complaint.

## IV.    <u>OPERATIVE FACTS</u>

14.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of plaintiff's Complaint and, therefore, denies those allegations.

15.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of plaintiff's Complaint and, therefore, denies those allegations.

16.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of plaintiff's Complaint and, therefore, denies those allegations.

17.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of plaintiff's Complaint and, therefore, denies those allegations.

18.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of plaintiff's Complaint and, therefore, denies those allegations.

19.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of plaintiff's Complaint and, therefore, denies those allegations.

20.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of plaintiff's Complaint and, therefore, denies those allegations.

21.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of plaintiff's Complaint and, therefore, denies those allegations.

22.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of plaintiff's Complaint and, therefore, denies those allegations.

23.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of plaintiff's Complaint and, therefore, denies those allegations.

24.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of plaintiff's Complaint and, therefore, denies those allegations.

25.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of plaintiff's Complaint and, therefore, denies those allegations.

26.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of plaintiff's Complaint and, therefore, denies those allegations.

27.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of plaintiff's Complaint and, therefore, denies those allegations.

28.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of plaintiff's Complaint and, therefore, denies those allegations.

29.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of plaintiff's Complaint and, therefore, denies those allegations.

30.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of plaintiff's Complaint and, therefore, denies those allegations.

31.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of plaintiff's Complaint and, therefore, denies those allegations.

32.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of plaintiff's Complaint and, therefore, denies those allegations.

33.     Defendant Lincoln admits the allegations contained in paragraph 33 of plaintiff's Complaint.

34.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of plaintiff's Complaint and, therefore, denies those allegations.

35.     Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of plaintiff's Complaint and, therefore, denies those allegations.

36.     Defendant Lincoln denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.     Defendant Lincoln denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38.     Defendant Lincoln denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39.     Defendant Lincoln denies the allegations contained in paragraph 39 of plaintiff's Complaint. Defendant Lincoln affirmatively states that, on October 3, 2022, it received a letter from David Tarshes, an attorney for plaintiff, informing Lincoln for the first time that the impounded bus was plaintiff's "home and her homestead" and requesting that Lincoln contact Mr. Tarshes "to arrange for return of the bus". The following day, October 4, 2022, Daniel Mallove,

an attorney for Lincoln, contacted Mr. Tarshes' colleague, attorney Fadi Assaf, and advised him that Lincoln had no prior knowledge that the impounded bus was plaintiff's home and that Lincoln was agreeable to releasing the bus to her as long as her she could produce proof she was the owner of the bus or had the permission of the registered owner for the bus to be released to her. On October 12, 2022, Lincoln Towing received a letter on plaintiff's counsel's letterhead from Kelli Jo Day enclosing documentation that plaintiff was the owner of the bus at the time of the subject impound. Ms. Day also confirmed that plaintiff failed to register the bus in Washington after plaintiff purchased it, that Ms. Day was still the registered owner of the bus, and that she authorized Lincoln to release the bus to plaintiff. Mr. Mallove immediately advised plaintiff's counsel by phone that Lincoln was agreeable to releasing the bus to plaintiff without requiring her to pay any impound or storage fees. Over the next two weeks, plaintiff and her counsel worked on making arrangements for the bus to be picked up from Lincoln. Because the bus was not operable (and was not operable at the time it was impounded), it had to be towed from Lincoln's storage facility. On October 25, 2022, plaintiff's counsel advised Lincoln's counsel in an email that arrangements had been made to have the bus towed from Lincoln's storage facility. That same day, Lincoln's counsel responded by email advising that, because the bus was stored with other vehicles around it, it would take a day or two to make it available for pickup by a tow truck. Plaintiff's counsel and Lincoln's counsel agreed that the bus would be picked up by a registered tow truck operator (RTTO) retained by plaintiff on November 3, 2022. Plaintiff then experienced issues and delays with getting a RTTO to do the pickup on November 3, 2022, and on November 9, 20222, Lincoln released the bus to plaintiff and her RTTO without requiring plaintiff to pay any fees incurred for the impound and storage of the vehicle.

DEFENDANT LINCOLN TOWING'S
ANSWER TO COMPLAINT - 7

40.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of plaintiff's Complaint and, therefore, denies those allegations.

41.    Defendant Lincoln denies the allegations contained in paragraph 41 of plaintiff's Complaint.

42.    Defendant Lincoln denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43.    Defendant Lincoln denies the allegations contained in paragraph 43 of plaintiff's Complaint.

44.    Defendant Lincoln denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45.    Defendant Lincoln denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46.    Defendant Lincoln denies the allegations contained in paragraph 46 of plaintiff's Complaint.

47.    Defendant Lincoln denies the allegations contained in paragraph 47 of plaintiff's Complaint.

48.    Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of plaintiff's Complaint and, therefore, denies those allegations. Defendant Lincoln affirmatively states that it insists plaintiff was not entitled to an impound hearing and, in fact, its attorney, Daniel Mallove,

worked with plaintiff's attorney, Fadi Assaf, to obtain an impound hearing and assisted plaintiff at that hearing with a supportive declaration from Lincoln's President, Charles Labertew.

49.     Defendant Lincoln admits the allegations contained in paragraph 49 of plaintiff's Complaint.

50.     Defendant Lincoln admits the allegations contained in paragraph 50 of plaintiff's Complaint.

51.     Defendant Lincoln admits the allegations contained in paragraph 51 of plaintiff's Complaint.

## V.    CAUSES OF ACTION

### A.  Conversion
**(First cause of action)**
**(All Defendants)**

52.     Defendant Lincoln denies the allegations contained in paragraph 52 of plaintiff's Complaint.

### B.  Deprivation of Federal Constitutional Right to be Free from Warrantless Seizures (Fourth Amendment)
**(Second cause of action)**
**(All Defendants)**

53.     Defendant Lincoln denies the allegations contained in paragraph 53 of plaintiff's Complaint.

### C.  Deprivation of Federal Constitutional Right to Be Free from Unreasonable Seizures (Fourth Amendment)
**(Third cause of action)**
**(All Defendants)**

54.     Defendant Lincoln denies the allegations contained in paragraph 54 of plaintiff's Complaint.

**D.  Deprivation of Washington State Constitutional Right to
Be Free from Unreasonable Seizures (article 1, Section 7)
(Fourth cause of action)
(All Defendants)**

55.     Defendant Lincoln denies the allegations contained in paragraph 55 of plaintiff's

Complaint.

**E.  Deprivation of Federal Constitutional Right to
Be Free from Excessive Fines (Eighth Amendment)
(Fifth cause of action)
(All Defendants)**

56.     Defendant Lincoln denies the allegations contained in paragraph 56 of plaintiff's

Complaint.

**F.  Deprivation of State Constitutional Right to
Be Free from Excessive Fines (article 1, Section 14)
(Sixth cause of action)
(All Defendants)**

57.     Defendant Lincoln denies the allegations contained in paragraph 57 of plaintiff's

Complaint.

**G.  Deprivation of State and Federal Constitutional Due Process
-    Deprived of prompt impound hearing guaranteed by state law
(Seventh cause of action)
(As to Defendants City and Lincoln Towing)**

58.     Defendant Lincoln denies the allegations contained in paragraph 58 of plaintiff's

Complaint.

**H.  Violation of the Homestead Act
(Eighth cause of action)
(As to Defendants City and Lincoln Towing)**

59.     Defendant Lincoln denies the allegations contained in paragraph 59 of plaintiff's

Complaint.

**I.   Consumer Protection Act (Unfair Act Committed
in the Course of Trade or Commerce)
(Ninth cause of action)
(As to Defendants City and Lincoln Towing)**

60.     Defendant Lincoln denies the allegations contained in paragraph 60 of plaintiff's Complaint.

61.     Defendant Lincoln admits that the allegations contained in paragraph 61 of plaintiff's Complaint accurately state the applicable law.

62.     Defendant Lincoln denies the allegations contained in paragraph 62 of plaintiff's Complaint.

63.     Defendant Lincoln denies the allegations contained in paragraph 63 of plaintiff's Complaint.

64.     Defendant Lincoln denies the allegations contained in paragraph 64 of plaintiff's Complaint.

65.     Defendant Lincoln denies the allegations contained in paragraph 65 of plaintiff's Complaint.

**J.   Negligence
(Tenth cause of action)
(As to Defendants City and Lincoln Towing)**

66.     Defendant Lincoln denies the allegations contained in paragraph 66 of plaintiff's Complaint.

**K.  Request for Permanent Injunction
(Eleventh cause of action)
(As to Defendants City and Lincoln Towing)**

67.     Defendant Lincoln denies the allegations contained in paragraph 67 of plaintiff's Complaint.

68.     Defendant Lincoln denies the allegations contained in paragraph 68 of plaintiff's Complaint.

## VI.     JURY DEMAND

Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Section VI of plaintiff's Complaint and, therefore, denies those allegations.

## VII.     TORT CLAIM

Defendant Lincoln lacks sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in Section VII of plaintiff's Complaint and, therefore, denies those allegations.

## VIII.     AFFIRMATIVE DEFENSES

FURTHER ANSWERING plaintiff's Complaint and by way of Affirmative Defenses thereto, defendant Lincoln Towing alleges as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Defendant Lincoln has a non-discretionary contract with defendant City of Seattle to perform impound services when requested to do so by an authorized City of Seattle or Seattle Police Department employee. Under the contract, defendant Lincoln has no discretion whether to agree or not to agree to perform the impound when requested to do so.

3.     At the time of the subject impound, defendant Lincoln did not know that the bus to be impounded was plaintiff's home and her homestead.

4.     On October 3, 2022, defendant Lincoln received a letter from David Tarshes, an attorney for plaintiff, informing Lincoln for the first time that the impounded bus was plaintiff's

"home and her homestead" and requesting that Lincoln contact Mr. Tarshes "to arrange for return of the bus". The following day, October 4, 2022, Daniel Mallove, an attorney for Lincoln, contacted Mr. Tarshes' colleague, attorney Fadi Assaf, and advised him that Lincoln had no prior knowledge that the impounded bus was plaintiff's home and that Lincoln was agreeable to releasing the bus to her as long as her she could produce proof she was the owner of the bus or had the permission of the registered owner for the bus to be released to her. On October 12, 2022, Lincoln Towing received a letter on plaintiff's counsel's letterhead from Kelli Jo Day enclosing documentation that plaintiff was the owner of the bus at the time of the subject impound. Ms. Day also confirmed that plaintiff failed to register the bus in Washington after she purchased it, that Ms. Day was still the registered owner of the bus, and that she authorized Lincoln to release the bus to plaintiff. Lincoln's counsel immediately advised plaintiff's counsel by phone that Lincoln was agreeable to releasing the bus to plaintiff without requiring her to pay any impound or storage fees. Over the next two weeks, plaintiff and her counsel worked on making arrangements for the bus to be picked up from Lincoln. Because the bus was not operable (and was not operable at the time it was impounded), it had to be towed from Lincoln's storage facility. On October 25, 2022, plaintiff's counsel advised Lincoln's counsel in an email that arrangements had been made to have the bus towed from Lincoln's storage facility. That same day, Lincoln's counsel responded by email advising that, because the bus was stored with other vehicles around it, it would take a day or two to make it available for pickup by a tow truck. Plaintiff's counsel and Lincoln's counsel agreed that the bus would be picked up by a registered tow truck operator (RTTO) retained by plaintiff on November 3, 2022. Plaintiff then experienced issues and delays with getting a RTTO to do the pickup on November 3, 2022, and on November 9, 2022, Lincoln released the bus to

DEFENDANT LINCOLN TOWING'S
ANSWER TO COMPLAINT - 13

plaintiff and her RTTO without requiring plaintiff to pay any fees incurred for the impound and storage of the vehicle.

5.     Plaintiff has not sustained any economic damages as a result of the acts or omissions of defendant Lincoln Towing, and consequently, plaintiff's Complaint fails to state a claim upon which relief can be granted.

6.     Plaintiff has "unclean hands" and is barred from seeking legal or equitable relief. Plaintiff had notice of the issues that she complains about and assumed all risk therefrom.

7.     Plaintiff has failed to take reasonable actions to mitigate her alleged damages.

8.     If plaintiff has sustained any injuries and/or damages, which injuries and/or damages are expressly denied, said injuries and/or damages were caused in whole or in part by the acts and/or omissions of plaintiff.

9.     If plaintiff has sustained any injuries and/or damages, which injuries and/or damages are expressly denied, said injuries and/or damages were caused in whole or in part by the acts and/or omissions of defendants City of Seattle and Robert Strozier.

10.     If plaintiff has sustained any injuries and/or damages, which injuries and/or damages are expressly denied, said injuries and/or damages were caused in whole or in part by acts and/or omissions of entities that are not parties in this action.

11.     Liability for plaintiff's injuries and/or damages, which liability and/or injuries and/or damages is expressly denied, should be apportioned among all parties and entities determined by the trier of fact to be at fault, pursuant to the provisions RCW 4.22.060 and 070.

12.     Plaintiff's injuries, damages and/or claims are barred by the applicable Statute of limitations.

DEFENDANT LINCOLN TOWING'S
ANSWER TO COMPLAINT - 14

## IX.  <u>RESERVATION OF RIGHTS</u>

Defendant Lincon Towing reserves the right to amend its Answer and Affirmative Defenses, including, but not limited to, adding additional affirmative defenses or claims as may be revealed by further investigation and/or discovery.

## X.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Defendant Lincoln Towing respectfully requests that plaintiff's Complaint be dismissed with prejudice, that defendant Lincoln Towing be awarded its costs and reasonable attorneys' fees herein, and that defendant Lincoln Towing be granted such other and further relief as the Court finds just and equitable.

DATED this 7th day of November, 2024.

LAW OFFICE OF DANIEL P. MALLOVE, PLLC


By: */s/ Daniel P. Mallove*
    Daniel P. Mallove, WSBA #13158
    2003 Western Avenue, Suite 400
    Seattle, WA 98121
    (206) 239-9933
    dmallove@dpmlaw.com
    *Attorney for Defendant Lincoln Towing Enterprises*

DEFENDANT LINCOLN TOWING'S
ANSWER TO COMPLAINT - 15

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that on the below date, I caused to be served the foregoing **DEFENDANT LINCOLN TOWING ENTERPRISES, INC.'S ANSWER TO COMPLAINT** on the following individuals via the method indicated:

James E. Lobsenz
Carney Badley Spellman PS
701 Fifth Avenue, Suite 3600
Seattle, WA 98104

Fadi Assaf
Northwest Justice Project
401 2nd Avenue S, Suite 407
Seattle, WA 98104

Carson Canonie
Joseph Everett
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104

| ☐ U.S. Mail | ☐ Hand Delivery/Messenger |
| ☐ Facsimile | ☒ Electronic / ECF / E-mail |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th day of November, 2024.

*/s/ Marganne Russell*
Marganne Russell

DEFENDANT LINCOLN TOWING'S
ANSWER TO COMPLAINT - 16