UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CHANEL HORNER,

               Plaintiff,

      v.

CITY OF SEATTLE; OFFICER ROBERT
STROZIER; and LINCOLN TOWING
ENTERPRISES, INC.,

               Defendants.

NO. 2:24-cv-01488-RSL

DECLARATION OF CHANEL
HORNER

I, CHANEL HORNER, do hereby declare:

I am the plaintiff in this case.

1.  I have personal knowledge of the facts set forth here. In September of 2022, I was living in the City of Seattle.

2.  At that time, I was unemployed, financially destitute, and the only "income" that I was receiving at that time was food stamps in the amount of roughly $300 worth of food stamps each month.

3.  At that time I was living in my vehicle, a bus.

4.  My bus was manufactured by the Orion Company. I purchased the bus from my friend Vance McKay on September 10, 2021. Exhibit A attached hereto is a photograph of the bus. Exhibit B attached hereto is a true and correct copy of the bill of sale Mr. McKay provided to me when I purchased the bus. My bus runs on compressed natural gas (CNG). It will not run on any other kind of gas.

5.  At that time, I was houseless and therefore I was using my bus as my residence.

DECLARATION OF CHANEL HORNER – 1
(2:24-cv-01488-RSL)

PB-0011 7815045

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

6. I kept all my worldly possessions in my bus. These include my bed, two dressers, my clothes, kitchen supplies, food, household supplies, personal hygiene items, etc.

7. In late August or early September of 2022, I learned that on September 15, 2022, the City of Seattle intended to do a sweep of all vehicles parked on the 5000 block of Colorado Avenue South, in Seattle, Washington.

8. The City refers to such sweeps as "remediations."

9. I was living in my bus on that block for the first half of September. On September 15, 2022, my bus was parked by the side of the road near the intersection of Hudson St. and E. Marginal Way in Seattle. The bus was not blocking the roadway. It did not present any hazard to traffic.

10. I intended to remove my bus from that block prior to the City's scheduled September 15 sweep.

11. On the evening of September 14, I discovered that my bus had run out of natural gas because the gas cap had not been tightened and all the compressed natural gas inside the vehicle had evaporated.

12. Around 6 a.m. on September 15, I contacted Evergreen Services REACH, an organization that helps the unhoused, and asked for help.

13. REACH agreed to help me. REACH agreed to have a private towing company come to my location and to tow my bus to Clean N' Green Fuel, a compressed natural gas station located at 149 S. Kenyon Street, approximately two miles from where my bus was parked. Clean N' Green sells CNG and had it available on September 15.

14. Seattle parking enforcement officers arrived at my location later that morning.

15. I told the parking enforcement officers that I was unhoused, that I was living in the bus, that it could not be driven because it had run out of natural gas, and that I had arranged for a private tow truck to come and tow it to a natural gas station. I also contacted Ms. Dawn Shepard, a REACH representative, by phone, and she

DECLARATION OF CHANEL HORNER – 2
(2:24-cv-01488-RSL)

PB-0011 7815045

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

confirmed for the officers that she had made arrangements to have a towing company come and tow my bus to Clean N' Green.

16. However, the officers refused to allow a private tow to Clean N' Green. Instead they contacted Lincoln Towing and had Lincoln tow my bus to Lincoln's lot at 12220 Aurora Avenue N. in Seattle.

17. Officer Robert Strozier, a Parking Enforcement Officer employed by the Seattle Police Department, told me that a city tow truck was on the way and that if it got there before the private tow truck, the city tow truck was going to tow my bus away.

18. Also that morning, REACH representative Dawn Shepard contacted Seattle city employee James Alan Shepard, a Planning and Development Specialist employed by Seattle Public Utilities. Dawn Shepard told James Shepard that REACH had made arrangements for a private tow company to tow my bus later that day.

19. Mr. Shepard told Dawn Shepard that this was not an option and that the City was going to proceed with the impound of my bus.

20. When the Lincoln tow truck arrived, I asked Seattle parking enforcement officer Strozier if he could simply wait for a private tow truck to arrive, or, if he could not do that, if he would direct the Lincoln tow truck to tow the bus to the nearby compressed gas station. Strozier refused both of my requests saying that Lincoln had to tow it and that it had to be towed to a Lincoln impound lot.

21. At the direction of Officer Strozier, the Lincoln tow truck impounded my bus and towed it away. At the time of the tow, I was not provided with an Impounded Vehicle Hearing Request form by the tow truck driver.

22. Later that day I visited three Lincoln impound lots in an attempt to get my bus back.

23. Around 3 p.m. I visited the Lincoln lot at 8425 1st Avenue South. My bus was not there.

DECLARATION OF CHANEL HORNER – 3
(2:24-cv-01488-RSL)

PB-0011 7815045

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

24. I asked how I could request a hearing to contest the impound of my bus. I was told by a Lincoln employee that it was too late in the day to do that, and the employee did not know how I could make a hearing request.

25. I then went to a second Lincoln impound lot located at 3460 1st Avenue South around 3:30. There a Lincoln employee told me that she did not have a fax machine and could not submit a request for an expedited hearing.

26. Still later that same day I went to a Lincoln impound lot located at 12220 Aurora Avenue North. There I was told by the lady working at the front desk that she could not give me an impound hearing request form because I was not the registered owner of the vehicle. She refused to speak with me because I was not the registered owner and turned me away from their location.

27. A few days later I made another visit to the Aurora Avenue impound lot and again I requested an impound hearing request form and again I was not given one.

28. On October 7, 2022, I went to the Aurora Avenue impound lot again and I asked if I could remove some of my personal belongings from the bus. At that time I was permitted to enter my bus and was allowed to remove a small number of personal items. I took pictures of the inside of my bus that day.

29. On November 9, 2022, at the request of my attorney, Lincoln agreed to release the bus to me, and I was able to get it back that day.

30. Because it still had no compressed gas in it, with the assistance of REACH I arranged for a private towing company to tow the bus from Lincoln's impound lot to a gas station in the South Park area of Seattle that sold compressed gas. At that gas station I obtained compressed gas and thus was able to drive the vehicle again.

31. While the bus was at Lincoln's impound lot, Lincoln did not secure the bus or protect it from theft or vandalism.

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

32. When the bus was returned to me, I discovered that many items of my property had been stolen.

33. I had been keeping the cremated ashes of my deceased father in a container in the bus. It was missing when I recovered the bus.

34. I also discovered that many other items were missing, including a bell that I purchased at a garage sale, two bikes, string lights, a generator, my dog collar, and a portable heater.

35. I also discovered that the bus had been damaged.

36. Many axle nuts were missing.

37. The inside of the bus had been torn up.

38. RCW 46.55.120(2)(a) states that "The registered tow truck operator *shall give to each person who seeks to redeem an impounded vehicle*, or item of personal property registered or titled with the department, *written notice of the right of redemption and opportunity for a hearing which shall be accompanied by a form to be used for requesting a hearing*, the name of the person or agency authorizing the impound, and a copy of the towing and storage invoice. The registered tow truck operator shall maintain a record evidenced by the redeeming person's signature that such notification was provided." (Italics added).

39. Although I requested that form from Lincoln several times, Lincoln never gave me either the statutorily required notice or the hearing request form.

40. RCW 46.55.120(2)(b) provides in part: "Any person seeking to redeem an impounded vehicle under this section has a right to a hearing in the district or municipal court for the jurisdiction in which the vehicle was impounded to contest the validity of the impoundment ort the amount of towing and storage charges."

41. Because Lincoln Towing refused to give me an Impound Hearing Request form, I had to get a copy of the form myself. I was finally able to locate the form on the

DECLARATION OF CHANEL HORNER – 5
(2:24-cv-01488-RSL)

PB-0011 7815045

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Washington Department of Licensing's website.  I downloaded the form from that site and filled it out.  I submitted it to the Seattle Municipal Court on November 17, 2022, eight days after Lincoln released my bus to me.

42. Along with the form, I also provided the Municipal Court with several documents including a declaration from my attorney Mr. Fadi Assaf, and a written letter dated October 12, 2022  from Ms. Kelli Jo Day to Lincoln Towing's attorney Mr. Dan Mallove. (Exhibit C).  In that letter, Ms. Day informed Lincoln Towing that although she was still the registered owner of the bus, that in 2020 she and her husband had "sold it to Vance Mclay, who later sold it to Chanel Horner. No registration in Washington State took place in connection with the subsequent sales, so we are still the registered owners, but Ms. Horner is, in fact, the true owner of the bus."  (Exhibit C).

43. In her letter, Ms. Day further informed Lincoln Towing: "Pursuant to RCW 46.55.120(1)(a)(iii), I am writing to authorize you to release the bus to Ms. Horner." (Exhibit C).   Thereafter, on November 9, 2022, Lincoln did release my bus to me.

44. After I submitted my request for an impound hearing on November 17, my attorney's legal assistant, Ms. Louise Akerblom, contacted the municipal court several times and inquired when the requested impound hearing was going to be held.  After several conversations, on January 9, 2023, Ms. Akerblom was told that my hearing request form was not filled out properly and that my hearing request had been denied by Magistrate Chung.  Ms. Akerblom informed my attorney of this and he in turn informed me.

45.  My attorney sent a letter to the court explaining why the form had been properly filled out.  He was subsequently informed that the Magistrate was not inclined to change his mind and was adhering to his decision to deny my request for an impound hearing. My attorney informed me of the Magistrate's decision.

DECLARATION OF CHANEL HORNER – 6
(2:24-cv-01488-RSL)

PB-0011 7815045

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

46. My attorney then filed an appeal of the Magistrate's decision. A copy of his appeal brief is attached as Exhibit D.

47. On March 7, 2023, my attorney won that appeal and a judge of the Seattle Municipal Court overturned the decision of Magistrate Chung and granted me an impound hearing. *Order Granting Defendant's Request for a Vehicle Impound Hearing Appeal*, attached as Exhibit E.

48. On April 11, 2023, an impound hearing was held before a Seattle Municipal Court judge. This was nearly seven months after the day (September 15, 2022) my bus was impounded.

49. At the conclusion of the hearing, the judge ruled that the impound of my bus had been "improper." (Vehicle Impound Hearing Order, with "Findings", attached as Exhibit F).

50. At the time she ruled, the judge stated ruled that Officer Strozier "did not consider reasonable alternatives" to an impound, as required by decisions of the Washington Supreme Court, and that a reasonable alternative was in fact "actually available." The judge stated, "that the impound was improper and unlawful."

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.

DATED this 23rd day of December, 2024.

_____
Chanel Horner, Plaintiff

DECLARATION OF CHANEL HORNER – 7
(2:24-cv-01488-RSL)

PB-0011 7815045

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on this 27th day of December, 2024, I electronically filed the

3

foregoing DECLARATION OF CHANEL HORNER with the Clerk of the Court using the
CM/ECF system which will send notification of such filing to the following:

4

5

**Attorneys for Defendants City of Seattle and Robert Strozier**
Joseph Everett

6

Dallas LePierre
Carson Canonie

7

SEATTLE CITY ATTORNEY
701 5th Avenue Suite 2050

8

Seattle, WA 98104
Joseph.Everett@seattle.gov

9

Dallas.LePierre@seattle.gov
Carson.Canonie@seattle.gov

10

11

**Attorneys for Defendant Lincoln Towing Enterprises**
Daniel P. Mallove

12

LAW OFFICE OF DANIEL P. MALLOVE, PLLC
2003 Western Avenue, Suite 400

13

Seattle, WA 98121
dmallove@dpmlaw.gov

14

15

    DATED this 27th day of December, 2024.

16

        _s/ Deborah A. Groth_
        Legal Assistant

17

18

19

20

21

22

23

24

25

26

DECLARATION OF CHANEL HORNER – 8
(2:24-cv-01488-RSL)

PB-0011 7815045

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

# EXHIBIT A



# EXHIBIT B

TO: Whom you may Concern:

I Vance Edward McLay am selling my
2002 Orian Charriot bus VIN#
1VHGF3U2628700213 to Chanel
Horner for $500.00 on Sept. 10th 2021.

Thank you,

Vance Edward McLay
11410 12th AVE S.
Seattle, WA 98168
206. 308. 9744

Vance E McLong

# EXHIBIT C



401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519
Fax (206) 624-7501

Toll Free 1-888-201-1012
www.nwjustice.org

César E. Torres
Executive Director

October 12, 2022

BY EMAIL AND FIRST CLASS MAIL

Lincoln Towing
c/o Daniel Mallove
Law Office of Daniel P. Mallove PLLC
2003 Western Ave., Ste. 400
Seattle, WA 98121-2142
dmallove@dpmlaw.com

Re:  2002 Orion Bus, VIN 1VHGF3C2826700283

Dear Lincoln Towing:

I am the registered owner of the vehicle referenced above, which you are currently holding. My husband Jim Montaney and I purchased the bus from the State of Oregon on July 16, 2020.  Enclosed are copies of the title form, invoice, and payment receipt confirmation from our purchase of the bus.

A few months after purchasing the bus, we sold it to Vance Mclay, who later sold it to Chanel Horner.  No registration in Washington took place in connection with the subsequent sales, so we are still the registered owners, but Ms. Horner is, in fact, the true owner of the bus.

Pursuant to RCW 46.55.120(1)(a)(iii), I am writing to authorize you to release the bus to Ms. Horner.  Thank you for your cooperation in this matter.

Kelli Jo Day
19041 SE 168th St.
Renton, WA 98058



EXHIBIT D

IN THE MUNICIPAL COURT OF SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br><br>                       Plaintiff,<br><br>vs.<br><br>CHANEL HORNER,<br><br>                Defendant. | No.<br><br>MOTION IN SUPPORT OF DEFENDANT'S REQUEST FOR A VEHICLE IMPOUND HEARING |

## I.      RELIEF REQUESTED

Defendant Chanel Horner has appealed from the Magistrate's December 15, 2022 and February 1, 2023 decision denying Ms. Horner's request for an impound hearing.  The Seattle Municipal Court determined that Ms. Glenn was not entitled to an impound hearing in connection with the September 15, 2022 tow of her bus, which is her home and homestead. Specifically, it was determined that the form Ms. Horner submitted to request a vehicle impound hearing was not "properly completed." Declaration of Fadi Assaf ¶ 4.  Ms. Horner appeals the Magistrate's decision and respectfully requests a vehicle impound hearing to contest the validity of the impoundment of her home.

## II.      STATEMENT OF FACTS

**Northwest Justice Project**<br>401 Second Ave S. Suite 407<br>Seattle, WA 98104<br>Tel. (206) 464-1519  Fax (206) 299-3123

1    Chanel Horner is an advocate for homeless people. She lives in a 2002 Orion bus that

2  serves as Ms. Horner's home and her homestead.  It contains nearly all of her personal

3  belongings, including her bed, dressers, clothing, kitchen supplies, food, household supplies,

4  personal hygiene items, etc. Declaration of Chanel Horner ¶¶ 2-3; Declaration of Dawn Shepard

5  ¶¶ 3-4.

6    As of the morning of September 15, 2022, Ms. Horner's bus was parked by the side of

7  the road at Hudson and Colorado, near the intersection of Hudson and E. Marginal Way.  The

8  bus was not blocking the roadway and did not present any hazard to traffic.  Horner Decl. ¶ 5.

9    On September 15, parking enforcement officers from the City of Seattle conducted a

10  homeless sweep in the area where Ms. Horner's bus was located.  The sweep was announced in

11  advance.  In anticipation of the sweep, Ms. Horner planned to move the bus elsewhere that

12  morning.  *Id.* ¶ 6; Shepard Decl. ¶ 5.

13    Unfortunately, due to a fuel line having been left open unintentionally, Ms. Horner

14  discovered on the morning of September 15 that the bus was out of fuel.  The bus runs on

15  compressed natural gas (CNG).  Clean N' Green Fuel at 149 S. Kenyon St., approximately five

16  minutes (two miles) away from the location of the bus, sells CNG.  Horner Decl. ¶ 5; Shepard

17  Decl. ¶ 6; Declaration of Zsa Zsa Floyd ¶ 7.

18    Representatives of REACH, a program of Evergreen Treatment Services that provides

19  support and assistance to homeless people in King County, together with representatives of the

20  Seattle/King County Coalition on Homelessness and others, investigated and arranged for an

21  alternative to towing Ms. Horner's bus to an impound lot.  Specifically, they arranged for

22  funding to pay for towing Ms. Horner's bus to Clean N' Green and to pay for CNG for the bus.

23

24

**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 299-3123

1   Declaration of Sara Robbins ¶¶ 3-6 & Ex. 1; Horner Decl. ¶ 5; Shepard Decl. ¶¶ 2, 7-10, 12 &

2   Ex. 1; Floyd Decl. ¶¶ 6-7.

3          During the course of the morning of September 15, Ms. Horner, representatives of

4   REACH and the Coalition on Homelessness, and others communicated on multiple occasions

5   with the parking enforcement officers and other representatives of the City.  They explained the

6   arrangements to get Ms. Horner's bus to Clean N' Green and requested that, as a reasonable

7   alternative to an impound, the City permit the bus to be towed to Clean N' Green, where it could

8   get fuel and Ms. Horner could drive away.  The City representatives refused all of these requests.

9   The bus was towed to Lincoln Towing's lot at 12220 Aurora Ave. North.  Declaration of

10  Kalameli Paulo ¶¶ 4-8; Horner Decl. ¶¶ 7-8; Robbins Decl. ¶¶ 5-6 & Ex. 1; Shepard Decl. ¶¶ 8-

11  10, 12 & Ex. 1; Floyd Decl. ¶¶ 6-10.

12         Following impoundment, the registered owner of Ms. Horner's bus provided a signed

13  letter authorizing Lincoln Towing to release the vehicle to Ms. Horner.[1]  Lincoln Towing

14  released Ms. Horner's bus to her on November 9, 2022 and agreed not to charge Ms. Horner the

15  cost of impoundment and storage as long as Ms. Horner requested a vehicle impound hearing in

16  this Court. After release of her home, Ms. Horner arranged for it to be towed to Clean N' Green

17  Fuel located at 149 S Kenyon St., Seattle, WA 98108.  The Seattle/King County Coalition on

18  Homelessness and REACH secured funds to pay for Ms. Horner's home to be towed from

19  Lincoln Towing's impound lot to the fuel station as well as funds to help pay for refueling costs.

20  Declaration of Fadi Assaf ¶¶ 2-7. Ms. Horner was without her home for a period of fifty-six

21  days.

22

23

24  ───────────────
    [1] Registration was not transferred when the bus was sold.

**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 299-3123

1      Before her home was released to her, Ms. Horner visited three separate Lincoln Towing

2  impound lots and requested an impounded vehicle hearing request form but was not provided

3  with a hearing request form.  *Id.* ¶¶ 4-6.  However, on November 17, 2022, after securing release

4  of her vehicle, Ms. Horner was able to submit a request for a hearing.

5      A legal assistant of Defendant's counsel contacted Seattle Municipal Court on December

6  12, 2022, January 3, 2022, and January 5, 2022  to see if there was an update with the hearing

7  request. Declaration of Louise Akerblom ¶¶ 3-5. Each time, the court clerk informed them that

8  the court was backed up with hearings but planned on scheduling Ms. Horner's impound hearing

9  in the near future.  *Id.* It was not until January 9, 2023 that counsel for defendant was informed

10 that the vehicle impound forms were improperly filled out and that a letter was sent out by the

11 Court on December 15, 2022. Decl. of Akerblom ¶ 6; Supplemental Declaration of Fadi Assaf ¶¶

12 2-3.

13      Adding to the confusion, the letter sent by the Court on December 15, 2022 never arrived

14 in the mail to the offices of Defendant's counsel.  This prevented counsel for Defendant from

15 learning of the error until January 5, 2023. The Seattle Municipal Court then emailed the Court's

16 December 15, 2022 letter to counsel for Defendant on January 10, 2023. Decl. of Fadi Assaf ¶ 4.

17 Counsel for Defendant sent a letter to the Seattle Municipal Court explaining that Ms. Horner

18 submitted a signed, written request for a vehicle impound hearing on the form approved by the

19 Court and within the applicable time period. This letter also explained that the City's agent had

20 agreed to release Ms. Horner's vehicle with the understanding that a vehicle impound hearing

21 would be granted. Supplemental Decl. of Assaf ¶ 5; Declaration of Charles Labertew ¶ 5.   This

22 letter also highlighted some of the relevant facts that were originally provided to the Court in

23 Defendant's Vehicle Impound Brief that was filed by Defendant on November 17, 2022.

24

MOTION IN SUPPORT OF DEFENDANT'S REQUEST FOR AN IMPOUND
HEARING- 4

**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 299-3123

1    On January 13, 2023, the Court contacted counsel for Defendant by e-mail and informed

2    him that the Court was collecting additional information from Lincoln Towing and a final

3    decision would be forthcoming.  Supplemental Decl. of Assaf ¶ 6.  On February 1, 2023, counsel

4    for Defendant received a second email stating that the Magistrate has decided to uphold his

5    December 15, 2022 decision to deny Ms. Horner's request for a vehicle impound hearing.

6    Supplemental Decl. of Assaf ¶ 7.

7    Charles Labertew, President of Lincoln Towing, has provided a declaration in support of

8    Ms. Horner's request for hearing.  Decl. of Labertew ¶¶ 3-6.  Lincoln Towing and Ms. Horner

9    are in agreement that a hearing is necessary to determine the validity of the impound.

10                              **III. EVIDENCE RELIED UPON**

11    Defendant relies on the Declaration of Chanel Horner, the Declaration of Sara

12    Robbins, the Declaration of Zsa Zsa Floyd, the Declaration of Dawn Shepard, the

13    Declaration of Fadi Assaf, the Supplemental Declaration of Chanel Horner, the Declaration

14    of Louise Akerblom, the Declaration of Charles Labertew, and the Supplemental

15    Declaration of Fadi Assaf, and all other records in the court file.

16                    **IV.    STATEMENT OF THE ISSUES PRESENTED**

17    1.    Is Defendant Chanel Horner entitled to a vehicle impound hearing in Municipal

18    Court?

19                         **V.    ARGUMENT AND AUTHORITY**

20    Defendant Chanel Horner is entitled to a vehicle impound hearing pursuant to RCW

21    46.55.120(2)(b) and SMC 11.30.120(D).  Ms. Horner has complied with those provisions. RCW

22    46.55.120(2)(b) provides that "any person seeking to redeem an impounded vehicle" shall have a

23    right "to a hearing in the district or municipal court in which the vehicle was impounded to

24

MOTION IN SUPPORT OF DEFENDANT'S REQUEST FOR AN IMPOUND
HEARING- 5

**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 299-3123

1    contest the validity of the impoundment or the amount of towing and storage charges." RCW

2    46.55.120(2)(b) requires that any request for a hearing "be made in writing on the form provided

3    for that purpose and must be received by the appropriate court within ten days" that the written

4    notice of the right of redemption and opportunity for a hearing was provided to the individual

5    seeking to redeem a vehicle.

6         Ms. Horner submitted the impounded vehicle hearing request forms on November 17,

7    2022, less than ten days after her homestead was released to her on November 9, 2022. Since

8    Lincoln Towing did not provide Ms. Horner with the registered tow truck operator hearing

9    request form, the bottom section that is directed for "Towing firm use only" was left unfilled.

10   However, Ms. Horner submitted a hearing request on the form that is provided for that purpose.

11   In addition to the hearing request form, Ms. Horner submitted an impound brief and six

12   declarations providing additional context as to the circumstances of impound and release of Ms.

13   Horner's home.

14        Similarly, SMC 11.30.120 provides:

15   "Any person seeking to redeem a vehicle impounded as a result of a parking or
     traffic citation under Section 12A.10.115 has a right to a hearing before Municipal
16   Court judicial officer to contest the validity of an impoundment or the amount of
     removal, towing, and storage charges or administrative fee if such request for a
17   hearing is in writing, in a form approved by the Municipal Court and signed by such
     person, and is received by the Municipal Court within ten (10) days (including
18   Saturdays, Sundays, and holidays) of the latter of the date the notice was mailed to
     such person pursuant to Section 11.30.100 A or B, or the date the notice was given
19   to such person by the registered tow truck operator pursuant to RCW
     46.55.120(2)(a)."
20
     SMC 11.30.120(D) requires four things: (a) a written request for a vehicle impound
21
     hearing; (b) that is signed by the requestor; (c) on a form approved by the Municipal Court;
22
     (d) and submitted within ten days the form was provided to the individual requesting the
23

24

hearing. Defendant Horner submitted a written impounded vehicle hearing request form within the applicable period and on a form that is approved by the Court.

Furthermore, pursuant to SMC 11.30.120(D)(3), an individual seeking a vehicle impound hearing may petition for an extension to file a request for hearing. The person seeking an extension would need to demonstrate good cause as to the reason the request was not timely filed. "Good cause" is defined as circumstances beyond the control of the person seeking the hearing that prevented such person from filing a timely request for hearing.

Ms. Horner, by and through counsel, submitted an impound brief, a hearing request form, and five declarations requesting a vehicle impound hearing on November 17, 2022. These documents detailed the impoundment and release of Ms. Horner's homestead. Ms. Horner, by and through counsel, contacted Seattle Municipal Court on December 12, 2022, January 3, 2022, and January 5, 2022 to request updates as to when the hearing would be scheduled and remained diligent in their request to schedule an impound hearing. Decl. of Akerblom ¶ 3-5. The December 15 letter that was sent by the Seattle Municipal Court informing counsel for Ms. Horner that the form was "improperly filled" was never received by Defendant's counsel until January 10, 2023. Supplemental Declaration of Fadi Assaf ¶ 4.

RCW 46.55.120(3)(a) provides that a court shall, within five days after the request for a hearing, notify the registered tow truck operator, the person requesting the hearing if not the owner, the registered and legal owners of the vehicle, and the person or agency authorizing the impound in writing of the hearing date and time. Ms. Horner submitted her request for a hearing on November 17, 2022 but did not receive a response until December

1  15, 2022. Counsel for Defendant was not informed until January 5, 2022 that there was an

2  issue with the form. Decl. of Akerblom ¶ 5.

3     Furthermore, both parties are in agreement regarding the need for a vehicle

4  impound hearing. Mr. Charles Labertew, the President of Lincoln Towing, agreed to

5  release the vehicle to Ms. Horner with the understanding that Ms. Horner would request a

6  hearing. Decl. of Labertew ¶ 5.  For these reasons, if the Court decides Ms. Horner is not

7  entitled to a vehicle impound hearing based on the documents within the court file, good

8  cause exists to grant Ms. Horner an extension to file a hearing request pursuant to SMC

9  11.20.130(D)(3).

10     Ms. Horner met the requirements of RCW 46.55.120(2)(a) and SMC 11.20.130(D)

11  by submitting a signed request for a hearing in writing on a form approved by the Seattle

12  Municipal Court.  For these reasons, Ms. Horner's appeal should be granted and Ms.

13  Horner should be provided a vehicle impound hearing to determine the validity of the

14  impoundment and the excessiveness of the towing, impound, and storage fees.

15     DATED February 15, 2023.

16

17                                        NORTHWEST JUSTICE PROJECT

18

19                                        _Fadi Assaf_
                                          ⌐DocuSigned by:
                                          └─41A4D497FB7043D...
                                          Fadi M. Assaf, WSBA #53687

20                                        Attorneys for Chanel Horner

21

22

23

24

MOTION IN SUPPORT OF DEFENDANT'S REQUEST FOR AN IMPOUND
HEARING- 8

**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 299-3123

# EXHIBIT E

1

2

3

4

5

6

7                              IN THE MUNICIPAL COURT OF SEATTLE

8

CITY OF SEATTLE,

9                                                    No.
                      Plaintiff,

10    vs.                                            ORDER GRANTING DEFENDANT'S
                                                     REQUEST FOR A VEHICLE
11    CHANEL HORNER,                                 IMPOUND HEARING APPEAL

12                      Defendant.                   [PROPOSED]

13

14                          **I.    RELIEF REQUESTED**

15         This matter has come before the Court on Defendant Chanel Horner's Motion Requesting

a Vehicle Impound Hearing Appeal and Motion for a Vehicle Impound Hearing. Based on the
16                          *and in the interest of justice*
      Cour'ts review of the record and for good cause shown, it is hereby ORDERED:
17

18         1. Defendant Debra Horner's motion for a vehicle impound hearing is GRANTED

19         2. Ms. Horner's appeal is granted. Ms. Horner is entitled to a vehicle impound hearing.
                       *March*
20    DATED February ___ 7 , 2023.

21

22                                                   _____

23                                                   JUDGE

24

ORDER GRANTING DEFENDANT'S APPEAL AND                         **Northwest Justice Project**
GRANTING DEFENDANT's REQUEST FOR A VEHICLE                    401 Second Ave S. Suite 407
IMPOUND HEARING- 1                                           Seattle, WA 98104
                                                    Tel. (206) 464-1519  Fax (206) 299-3123

EXHIBIT F

THE MUNICIPAL COURT OF SEATTLE



# VEHICLE IMPOUND HEARING - VEHICLE RELEASE FORM

CITATION NO. _____    INFRACTION CODE _____

DEFENDANT'S NAME _____    DOB _____

ADDRESS _____

CITY _____    STATE _____    ZIP _____

VEHICLE LICENSE # _____    STATE _____

VEHICLE MAKE: _____    YEAR: _____    STYLE: _____

REGISTERED OWNER:
_____

IMPOUND DATE: _____    TOW COMPANY: _____

## FINDINGS

The infraction (if any) was:        COMMITTED ____X____        NOT COMMITTED _____

The scofflaw status of the vehicle is:    UPHELD _____        DENIED _____

The impound of the vehicle was:    PROPER _____    IMPROPER ____X_____

The Defendant: _____ IS IN A STATE OF EXTREME FINANCIAL NEED, BASED UPON A REVIEW OF HIS/HER CURRENT INCOME, ASSETS AND LIABILITIES.

The Defendant: _____ CAN EFFECTIVELY GUARANTEE PAYMENT BY EXECUTING A PROMISSORY NOTE FOR THE TOTAL AMOUNT OWED, INCLUDING ALL RELEVANT FINES, FEES, AND COSTS, PLUS INTEREST.

## IMPOUND VEHICLE RELEASE ORDER

_____ [SCOFFLAW] RELEASE vehicle upon confirmation that the Defendant either paid all costs, fines, fees, and penalties owed to the Court and its collection agency, as well as the immobilization release fee and costs of impound and storage, and/or upon confirmation that the Defendant signed a promissory note, payable to Seattle Municipal Court/City of Seattle, for some or all of the afore-mentioned amounts.

_____ RELEASE vehicle upon payment to the towing company of impound and storage fees of _____

_____ RELEASE vehicle upon confirmation that the Defendant signed a promissory note, payable to Seattle Municipal Court, in the amount of $_____, plus interest.

_____ RELEASE vehicle to the Defendant at no charge to the Defendant.

**THE VEHICLE MUST BE CLAIMED FROM THE TOWING COMPANY BY MIDNIGHT OF THE DATE OF THIS ORDER.** DEFENDANT MUST PAY ANY ADDITIONAL STORAGE CHARGES THAT ACCRUE AFTER MIDNIGHT.

____4 / 11 / 2023____        _____
Date                                            Judge/ Magistrate