Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHANEL HORNER,

                Plaintiff,

vs.

CITY OF SEATTLE; OFFICER ROBERT STROZIER, in his individual capacity; and LINCOLN TOWING ENTERPRISES, INC.,

                Defendants.

No. 2:24-cv-01488-RSL

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**

## I.    INTRODUCTION

This Court should reject Plaintiff's state and federal claims arising from a municipal court ruling that the impound of Plaintiff's vehicle violated Article I, Section 7 of the Washington State Constitution. For the various reasons outlined below, these causes of action fail as a matter of law and should be dismissed.

///

DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS (2:24-cv-01488-RSL)- 1

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## II.   ARGUMENT

**A. Under Washington law, there is no affirmative cause of action for damages based on an alleged violation of Washington Homestead Act.**

Plaintiff demonstrates a fundamental lack of understanding of the Washington Homestead Act (the "Act") and nonsensically argues that this cause of action should be maintained due to an alleged conspiracy to harm the defendant without citation to any caselaw to support such a claim. As the Washington Supreme Court clearly explained in *Long*, the Act "operates as a shield" or "a defense" against certain specific creditor actions. *Seattle v. Long*, 198 Wn.2d 136, 153, 493 P.3d 94 (2021). The Act does so by *exempting* a certain value of a creditor's "homestead" from a debtor's attachment, execution, or forced sale. RCW 6.13.070(1) (emphasis added).

For example, the Act applies to exempt a homestead from a foreclosure sale to satisfy a lien for real property taxes. *In re Cunningham*, 163 B.R. 593, 596 (Bankr. W.D. Wash. 1994). Similarly, if a homestead were to be sold under execution, the homestead owner may assert their homestead exemption under the Act in an action to quiet title. *Domke v. Beck*, 18 Wn.2d 568, 573, 139 P.2d 1017 (1943). Or, if a homestead exemption is asserted prior to a sale under execution, the Act may be utilized to enjoin the sale. *Lien v. Hoffman*, 49 Wn.2d 642, 645, 306 P.2d 240, 242 (1957). However, the Act does not exempt vehicle homesteads from impoundment. *Long*, 198 Wn.2d at 158.

More fundamentally, however, there is no legal authority to support the notion that a homestead owner may sue a non-creditor (like the City in this case) for damages under the Act. No such cause of action is described in the Act, and no such cause of action exists at common law. See, e.g., *Long,* 198 Wn.2d at 158; *Tellevik,* 83 Wn.App at 379; *see also* RCW Chapter 6.13.

Since no cause of action for damages exists under the facts set forth in this Complaint,

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS** (2:24-cv-01488-RSL)- 2

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Plaintiff's argument that her complaint "plausibly pleads a cause of action for civil conspiracy" to violate the Act is a nonstarter. Under Washington law, in order to establish a civil conspiracy "a plaintiff must prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *Alexander v. Sanford*, 181 Wn.App. 135, 180–81, 325 P.3d 341, 367 (2014) (quoting *All Star Gas, Inc. of Wash. v. Bechard,* 100 Wn.App. 732, 740, 998 P.2d 367 (2000)). Obviously, if the tort claims underlying an alleged civil conspiracy fail, then the claim of civil conspiracy also fails absent separate facts to support it. See *Right-Price Recreation, LLC v. Connells Prairie Community Council,* 146 Wn.2d 370, 384, 46 P.3d 789, 796 (2002).

The Act simply does not apply to the facts of this case, where Plaintiff's complaint has failed to demonstrate that the City entered into a creditor/debtor relationship with Plaintiff *at any point in time*, and the Plaintiff's claim for damages against the City under the Act fails as a matter of law. The Plaintiff claims under the Act should therefore be dismissed with prejudice as against the City.

**B. The Complaint fails to establish a bailment as between the City and the Plaintiff and fails generally to establish that the City owed Plaintiff a duty.**

In Washington, "bailment normally is a consensual transaction" whereby "[t]he bailor intentionally delivers possession of his goods to the bailee and the latter accepts the same with a real or presumed knowledge of the responsibility entailed thereby." *Collins v. Boeing Co.,* 4 Wn.App. 705, 710-11, 483 P.2d 1282, 1285 (1971). For a bailment to arise, "there must be a change of possession and an assumption or acceptance of possession by the person claimed to be a bailee." *Id.* at 711.

While the complaint alleges that Officer Strozier *authorized* Plaintiff's vehicle for

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 3

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

impoundment, there is no allegation that he nor any other employee of the City took possession of the vehicle at any time. As the complaint demonstrates, Lincoln Towing took possession of Plaintiff's vehicle and stored it on its property, where Lincoln maintained sole possession of it until it was returned to Plaintiff. The complaint fails to demonstrate the City was a bailee of Plaintiff's property as a matter of law.

Plaintiff has further failed to demonstrate that the City owed Plaintiff a legal duty under the circumstances. The complaint only alleges that her property was stolen or damaged *after* Lincoln Towing took sole possession of her vehicle; there is no allegation of damage or loss prior to the tow, and there is no allegation the City ever had possession of her property. Under Washington law, there is no duty to protect property from damage or loss caused by a third party. See, e.g., *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 43, 929 P.2d 420 (1997). Therefore, Plaintiff's negligence claim against the City fails as a matter of law and should be dismissed with prejudice.

**C. Plaintiff's conversion claim fails because the impound was justified under local law.**

Conversion "is the act of willfully interfering with any chattel, *without lawful justification*, whereby any person entitled thereto is deprived of the possession of it." *Brown ex rel. Richards v. Brown*, 157 Wn.App. 803, 817, 239 P.3d 602, 609 (2010) (emphasis added). The analysis of whether an impound is valid under Article I, Section 7 of the Washington Constitution is different: it involves a two-step inquiry into whether (1) the driver committed a traffic offense "for which the legislature has expressly authorized impoundment" and (2) the impoundment is reasonable under the circumstances. *Long*, 198 Wn.2d at 156.

While it is true that an improper impound *may* lead to an actionable conversion claim under Washington law, the cases that deal with such claims demonstrate that their validity must rest on some determination that the *underlying* authority to impound was lacking, a finding that is not

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 4

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

present in the instant case. For example, in *Potter v. Washington State Patrol*[1], the Washington Supreme Court held that the owner of an impounded vehicle could bring a conversion claim against the Washington State Patrol because his vehicle had been impounded pursuant to an impound policy that had previously been found to be invalid in *In re Impoundment of Chevrolet*.[2]

Similarly, in *Boss v. City of Spokane*,[3] the Washington Supreme Court found that a conversion claim arises when law enforcement lacks the authority to take possession entirely. *Boss*, 63 Wn2d at 68. Finally, in *Price v. City of Seattle*,[4] this Court found that a conversion claim arose against the City of Seattle under circumstances very similar to those in *Potter*: the Court ruled that Seattle's impound policy at the time was invalid, and, "[b]ecause SPD officers impounded cars driven by DWLS violators pursuant to an unlawful policy, the City [was] liable for conversion." *Price,* 2005 WL 1528957, at *6.

In the present case, however, there is no unlawful policy at issue, nor is there (as in *Boss*) a lack of legal authority. To the contrary, the Seattle Municipal Court found after a hearing that Plaintiff had "committed" an infraction (*See* Dkt. # 1-2, Exhibit A), and, in Seattle, a vehicle parked in violation of any law may be impounded.[5] Thus, the municipal court impliedly found that the impound of Plaintiff's vehicle was authorized by law. While it is true that the municipal court went on to find that impoundment was nonetheless unreasonable under Article I, Section 7, such a finding is irrelevant in the context of a conversion claim.

Plaintiff's suggestion that reasonableness under Article I, Section 7 applies in all claims of conversion is wholly unsupported by Washington caselaw. Indeed, as discussed further *infra*,

---

[1] 165 Wn.2d 67, 196 P.3d 69 (2008).
[2] 148 Wn.2d 145, 60 P.3d 53 (2002).
[3] 63 Wn.2d 305, 387 P.2d 67 (1963).
[4] 2005 WL 1528957 (W.D. Wash. 2005).
[5] Seattle Municipal Code (SMC) § 11.30.060.A.

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 5

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

adopting Plaintiff's theory that all violations of Article I, Section 7 "automatically" give rise to conversion claims cuts against clear, longstanding Washington authority that there are *no* private causes of action for violations of the Washington Constitution. See, e.g., *Blinka v. Wash. State Bar Ass'n,* 109 Wn.App. 575, 591, 36 P.3d 1094 (2001). To determine Defendants' motion to dismiss, the Court need only look to the elements of conversion and the facts alleged in the complaint. Since there is no plausible allegation that the impoundment of Plaintiff's vehicle was performed without lawful justification, Plaintiff's conversion claim fails as a matter of law and should be dismissed with prejudice.

### D. Plaintiff has failed to provide any basis to deny Defendants' motion to dismiss claims predicated on alleged violations of the Washington State Constitution.

Plaintiff's response does not effectively oppose Defendants' motion to dismiss causes of action predicated on alleged violations of the Washington State Constitution. Instead, Plaintiff argues that "it is unnecessary" for this Court to decide whether she has an implied cause of action for violation of the Washington State Constitution because "the Washington Supreme Court has *declined to decide* whether to recognize an implied cause of action for damages for violation of a state constitutional right." (Dkt. # 22, p. 24 (emphasis added)). That is incorrect. Washington courts have *consistently refused to recognize* causes of action in tort for state constitutional violations. *Blinka,* 109 Wn.App. at 591. For example, in *Blinka,* the Washington Court of Appeals pointed out that such causes of action can only exist "through augmentative legislation." *Id.*

As of the date of this writing, the Washington State Legislature has not created a cause of action in tort based on violations of Article I, Section 7[6], nor is there a cause of action based on

---

[6] The Washington State Court of appeals confirmed that no implied cause of action exists under Article I, Section 7 as recently as November of this year. *Navarro v. King Cnty. Sheriff's Office*, 2024 WL 4824882, at *1 (Wash. Ct. App. Nov. 19, 2024).

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 6

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

violations of Article I, Section 14. Therefore, this Court should dismiss these two causes of action because they have no validity whatsoever under Washington law.

**E. Defendants' motion to dismiss Plaintiff's claim brought under the Washington Consumer Protection Act is unopposed.**

In her response, Plaintiff concedes that "the City of Seattle is not a 'person' for purposes of the CPA and thus cannot be sued for violating the Act." (Dkt. # 22, p. 24.) The Court should therefore grant the City's motion to dismiss Plaintiff's CPA claim against the City (ninth cause of action) with prejudice. For the same reason, the Court should dismiss Plaintiff's request for a CPA injunction against the City (eleventh cause of action) with prejudice.

**F. Plaintiff's federal claims against Officer Strozier should be dismissed.**

*1. Plaintiff has failed to plead facts demonstrating Officer Strozier's conduct resulted in a "fine" for purposes of the Eighth Amendment.*

As Defendants argued in their Motion to Dismiss, there are no facts within the complaint that indicate Plaintiff was "fined" for purposes of the Eighth Amendment or otherwise required to make any payment whatsoever to the City of Seattle. In fact, due to Plaintiff having prevailed at her impound hearing in municipal court, the City of Seattle became liable for the storage and impound costs associated with the impound.[7] Plaintiff has not meaningfully opposed this argument. Plaintiff's Eighth Amendment claim should be dismissed with prejudice.

*2. Officer Strozier's discretion to impound Plaintiff's vehicle was not unlawfully limited.*

Under federal community caretaking doctrine, "[t]he violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation." *Miranda v. City of Cornelius,* 429 F.3d 858, 865 (9th Cir. 2005). In

---

[7] See RCW 46.55.120(2)(e).

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 7

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

arguing against this precedent, Plaintiff relies on *Price v. City of Seattle,*[8] which involved a challenge to "the legality of the City's impound policy for violation of the City ordinance prohibiting driving while a license is suspended[.]" *Price,* 2005 WL 1189585 at *1.

In *Price,* this Court ruled that an impound policy that *mandates* impoundment in all cases is unlawful under the Fourth Amendment, because, with such a policy

> it is impossible to conclude that impoundment always served community caretaking functions (even if it might have in particular cases). This is especially relevant because, in some instances, the DWLS-driver was not the car owner and there was no reason to assume that the owner could not have arranged to take custody of the car. *By not allowing the officers to consider alternatives to impoundment, the officers could not determine if the community caretaking interests justified impoundment*, which means that it is impossible to determine whether each impoundment was reasonable.

*Price*, 2005 WL 1189585 at *4 (emphasis added).

*Price* is ultimately inapplicable here, because the complaint does not involve any allegation that Officer Strozier's decision to impound Plaintiff's vehicle was mandated by City policy. Outside of the Court's reasoning around mandatory impound policies, *Price* in fact bolsters the City's argument in support of its motion to dismiss: the Court in *Price* recognized that "[t]he authority of the police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *Id.* at *2 (citing *South Dakota v. Opperman,* 428 U.S. 364, 368-69 (1976)).

> **3. The Fourth Amendment's requirement for "standardized criteria" applies only to police inventory searches; it does not apply to vehicle impounds.**

Next, Plaintiff argues against the dismissal of her Fourth Amendment claims by arguing that Officer Strozier's decision to impound her vehicle was not sufficient guided by "standardized criteria." In doing so, Plaintiff conflates the Fourth Amendment requirements applicable to

---

[8] 2005 WL 1189585 (W.D. Wash. 2005)

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 8

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

inventory searches with the requirements for vehicle impounds.

While police impounds are oftentimes followed by inventory searches, *United States v. Duguay*[9] illustrates they are two distinct procedures, which are analyzed differently under federal law. *Duguay* involved an appeal from a suppression motion in a criminal case where a vehicle was impounded and inventory-searched immediately after the defendant had been arrested. See *Duguay,* 94 F.3d at 348-49. In reviewing the district court's ruling on the suppression motion, the Seventh Circuit pointed out that while "[b]oth the decision to take the car into custody and the concomitant inventory search must meet the structures of the Fourth Amendment[,]… the decision to impound (the 'seizure') is properly analyzed as distinct from the decision to inventory (the 'search')." *Duguay,* 93 F.3d at 351. While the court recognized that "[s]tandardized criteria or established routine must regulate inventory searches," the court relied on *South Dakota v. Opperman* to analyze the vehicle impound, noting that "impoundments and inventory searches [are] distinctive processes." *Id.* at 351-52. (quoting *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990)). The *Duguay* court recognized that

> Impoundments by the police may be in furtherance of public safety or community caretaking functions, such as removing disabled or damaged vehicles, and *automobiles which violate parking ordinances*, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic… *These rationales are distinct from the permissible reasons for conducting a routine inventory of the contents of an impounded vehicle*, which are to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger.

*Id.* (citing Opperman, 428 U.S. at 368–369) (emphasis added, internal citations and quotations omitted)).

Here, Plaintiff's reliance on an analytical framework that applies only to inventory searches is completely misplaced and should be disregarded.

---

[9] 93 F.3d 346 (7th Cir. 1996).

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS** (2:24-cv-01488-RSL)- 9

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

### 4. The Complaint fails to plausibly suggest that Officer Strozier is legally responsible for events that happened after Lincoln Towing took possession Plaintiff's vehicle.

Plaintiff next argues that the Court should deny the Defendants' motion to dismiss because Lincoln Towing had no valid reason to hold her vehicle in its possession "for another 55 days" after it was impounded. As outlined in the complaint, after Officer Strozier authorized her vehicle for impound, Plaintiff sought to redeem her vehicle from *Lincoln Towing* (Dkt. # 1-2, p. 5-6.). Plaintiff alleges that *Lincoln Towing's agents* declined to help her submit a request for an impound hearing on three occasions. (Dkt. # 1-2, p. 6.) These facts as alleged have no bearing on Officer Strozier. There is no basis in the complaint to conclude that Officer Strozier had any legal authority or responsibility to interfere with Lincoln Towing's possession of the vehicle, which was governed by state law applicable to tow operators.[10]

Plaintiff's reliance on *Brewster v. Beck*[11] in this context is not helpful. In that case, the Los Angeles Police Department, not a tow company, refused to release an impounded vehicle from its possession until a 30-day holding period had lapsed. *Brewster,* 859 F.3d at 1195. The Court found that the justification to seize the vehicle "vanished once the vehicle arrived in impound and Brewster showed up with proof of ownership and a valid driver's license" and that "the Fourth Amendment required further authorization for *the LAPD to hold the vehicle* for 30 days." *Id.* at 1196. Reliance on *Brewster* would make sense if the Plaintiff's vehicle had been held by the Seattle Police Department for 55 days, but in light of the factual allegations in the complaint, which plainly demonstrate the vehicle was held by Lincoln Towing from the time it was towed until it was returned to Plaintiff's possession, reliance on *Brewster* is misplaced.

///

---

[10] See RCW Chapter 46.55.
[11] 859 F.3d 1194 (9th Cir. 2017).

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 10

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

> **5. Officer Strozier is entitled to qualified immunity because, as Plaintiff's Response demonstrates, there is no "clearly established" precedent that clearly prohibited the impoundment of a vehicle under these particular circumstances.**

Even if the Court were to find sufficient facts in the complaint to support a federal cause of action against Officer Strozier, law enforcement officers are entitled to qualified immunity unless "the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 63, 138 S. Ct. 577, 580 (2018). "Clearly established" in this context means that controlling legal authority or a robust consensus of cases "clearly prohibit[s] the officer's conduct *in the particular circumstances before him.*" *Id.,* 583 U.S. at 63 (emphasis added).

While the municipal court ruled that Article I, Section 7 required Officer Strozier to wait on scene until his shift ended, it is not "clearly established" under the Fourth Amendment that an officer who is authorized by law to impound a vehicle must nonetheless wait at the scene for several hours when the person in possession of the vehicle asserts that a private tow truck may possibly arrive at some point in the near future. Indeed, federal precedent indicates that this not required at all. See, e.g., *Miranda*, 429 F.3d at 865 (impounding vehicle left exposed in a public location is proper under the community caretaking doctrine).

Plaintiff cites to several cases having to do with vehicle impounds, but none of them "clearly establish" that Officer Strozier's conduct was prohibited "in the *particular* circumstances before him." *Wesby,* 583 U.S. at 63 (emphasis added). To wit, *Colorado v. Bertine* and *Cervantes* pertain to the legality of inventory searches[12]; *Miranda* involved a vehicle impound from the owner's private driveway after an officer observed a man teaching his unlicensed wife how to drive[13]; *Soldal v. Cook County* involved an unlawful forcible eviction during which sheriff deputies stood by while

---

[12] See *Colorado v. Bertine*, 479 U.S. 367, 370-71 (1987); see also *Cervantes*, 703 F.3d at 1140-42.
[13] *Miranda,* 429 F.3d at 860.

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 11

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

the plaintiffs' mobile homes were towed away[14]. The cases cited by Plaintiff do not involve factual circumstances particular to those faced by Officer Strozier, as no such precedent exists. The Court should therefore dismiss the federal claims against Officer Strozier under the doctrine of qualified immunity.

**G. Plaintiff's federal claims against the City of Seattle should be dismissed.**

*1. An impound hearing was immediately available to Plaintiff as a matter of law; there is no evidence in the complaint to plausibly suggest the City of Seattle is responsible for the alleged delay.*

In arguing that the complaint adequately alleges the City violated Plaintiff's federal due process rights, Plaintiff relies on two cases: *Stypmann v. San Francisco*[15] and *Lee v. Thornton*[16]. In both of those matters, the plaintiffs challenged statutory schemes that failed to provide for prompt post-deprivation hearings. See *Stypmann*, 557 F.2d 1388 at 1342; *Lee*, 538 F.2d at 28. Here, however, Plaintiff is *not* challenging the applicable statutory scheme and the complaint cannot be read as bringing such a claim. Even if it could be, the Seattle Municipal Code provides for a prompt post-deprivation hearing: "Any person seeking to redeem a vehicle impounded as a result of a parking or traffic citation… has a right to a hearing before a Municipal Court judicial officer to contest the validity of an impoundment[.]"[17] Further, if the subject vehicle is still in a tow operator's custody at the time the hearing request is received by the municipal court, the hearing "shall be held within two (2) business days… of the written request for hearing."[18]

As discussed *supra*, the facts in Plaintiff's complaint allege that Lincoln Towing's agents denied her request to schedule a hearing in municipal court on three occasions on the day Plaintiff's

---

[14] See *Soldal v. Cook County*, 506 U.S. 56, 56 (1992).
[15] 557 F.2d 1338 (9th Cir. 1977)
[16] 538 F.2d 27 (2nd Cir. 1976)
[17] SMC § 11.30.120.D.
[18] SMC § 11.30.120.D.2.

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 12

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

vehicle was impounded. There are no facts contained in the complaint that suggest the City of Seattle caused the several-months delay between the impound and the eventual hearing in municipal court.

### 2. Even if the complaint adequately alleged federal causes of action, it fails to adequately plead any claim against the City under Monell.

Ultimately, Plaintiff's federal claims against the City must be dismissed because the complaint fails to adequately plead such claims under *Monell v. Department of Social Services of New York*[19] as a matter of law. To withstand a motion to dismiss under FRCP 12(b)(6), a *Monell* claim must be based *at minimum* on an allegation "that the individual officers' conduct conformed to official policy, custom, or practice." See *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 624 (9th Cir.). There simply is no such allegation in Plaintiff's complaint.

In response to this deficiency, Plaintiff cites to *City of Canton v. Harris*[20], which held "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Harris*, 489 U.S. at 388. As the Supreme Court explained, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy' as defined by our prior cases – can a city be liable for such a failure under § 1983." *Id.* at 389.

Plaintiff's federal claims fail, and must be dismissed, because there is not a single allegation contained in the complaint that Officer's Strozier's decision to impound Plaintiff's vehicle was performed pursuant to an unconstitutional City policy, and there is no allegation that the City made a deliberate or conscious choice not to train its officers.

///

---

[19] 436 U.S. 658, 98 S.Ct. 2018 (1978).
[20] 489 U.S. 378 (1989).

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 13

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

### III.   CONCLUSION

For the reasons outlined above and in Defendant's motion to dismiss (Dkt. # 17), Defendant's Robert Strozier and the City of Seattle respectfully request the Court dismiss this action with prejudice.

I certify that this memorandum contains 4,004 words, in compliance with the Local Civil Rules.

ANN DAVISON
Seattle City Attorney

By:   */s/Joseph Everett*
Joseph Everett, WSBA# 38248
Dallas LePierre, WSBA# 47391
Carson Canonie, WSBA# 62464
Assistant City Attorneys

E-mail:  Joseph.Everett@seattle.gov
E-Mail:  Dallas.LePierre@seattle.gov
E-Mail:  Carson.Canonie@seattle.gov

Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone: (206) 684-8200

*Attorneys for Defendants City of Seattle and Robert Strozier*

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 14

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of January, 2025, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| James E. Lobsenz WSBA #8787<br>CARNEY BADLEY SPELLMAN, P.S.<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA 98104-7010<br>*Attorney for Plaintiff* | (X)  via CM/ECF<br>lobsenz@carneylaw.com |
| Fadi Assaf, WSBA #13658<br>NORTHWEST JUSTICE PROJECT<br>401 2nd Avenue S. Suite 407<br>Seattle, WA 98104<br>*Attorney for Plaintiff* | (X)  via CM/ECF<br>fadi.assaf@nwjustice.org<br>Louise.akerblom@nwjustice.org<br>groth@carneylaw.com |
| Daniel P. Mallove, WSBA #13158<br>Eric Cascio, WSBA #52941<br>LAW OFC OF DANIEL P MALLOVE PLLC<br>2003 Western Avenue, Suite 400<br>Seattle, WA 98121 | (X)  via CM/ECF<br>dmallove@dpmlaw.com<br>ecascio@dpmlaw.com<br>mrussell@dpmlaw.com |

Dated this 3rd day of January, 2025, at Seattle, Washington

_/s/Grace Selsor_____
Grace Selsor, Legal Assistant

**DEFENDANTS ROBERT STROZIER AND CITY OF SEATTLE'S REPLY IN SUPPORT OF MOTION TO DISMISS**
(2:24-cv-01488-RSL)- 15

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200