Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHANEL HORNER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE; OFFICER ROBERT STROZIER; and LINCOLN TOWING ENTERPRISES, INC.,<br><br>　　　　　　　Defendants. | NO. 2:24-cv-01488-RSL<br><br>PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR:**<br>**January 7, 2026** |

For the reasons stated below, Plaintiff Chanel Horner moves the Court for an order lifting the stay of Plaintiff's motion for partial summary judgment, and the stay of the case schedule.

## I.　　PROCEDURAL HISTORY

Nov. 26, 2024.　　Defendants Robert Strozier and the City of Seattle filed a *Motion to Dismiss Pursuant to FRCP 12(b)(6)*. Dkt. #17.

---

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 1
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

| | | |
|---|---|---|
| | Dec. 27, 2024. | Plaintiff Horner filed (1) *Plaintiff's Opposition to the Defendants' Motion to Dismiss* and (2) *Plaintiff's Motion for Partial Summary Judgment* on her claims for conversion, and her §1983 claims for the violation of Fourth Amendment unreasonable seizure and her Fourteenth Amendment procedural due process claim.  Dkt. #22 and Dkt. #25. |
| | Dec. 31, 2024. | Counsel for the City sent Plaintiff's counsel an email stating. "The City intends to file a motion under LCR 7(j) to stay Plaintiff's partial MSJ until the City/Strozier motion to dismiss is resolved. Would Plaintiff be willing to stipulate to that course of action? Happy to discuss further on the phone if necessary." *Lobsenz Declaration,* Appendix A The Plaintiff agreed to the city's proposal. |
| | Jan. 3, 2025. | Defendants Strozier and the City of Seattle filed their *Reply in Support of Defendants' Motion to Dismiss*. Dkt. #30. |
| | Jan. 6, 2025. | The City filed the *Defendants' Unopposed Motion to Stay Hearing on Plaintiff's Partial Motion for Summary Judgment.* Dkt. #31.    In Paragraphs 6-9 the City's motion stated in part: "6.  This Court may stay a proceeding in the interests of judicial economy, where the issues, proof, and questions of law may be simplified in so doing.  *See Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2009)." |

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 2
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

| | | |
|---|---|---|
| | | "7.  The City's Motion to Dismiss would, if granted, be fully dispositive of this action, or may be dispositive as to the Plaintiff's Motion should it be granted." |
| | | "8.  In the interest of judicial economy, the Defendants request that the plaintiff's Motion for Summary Judgment be stayed until this Court rules on the City's Motion to Dismiss." |
| | | "9.  The Plaintiff does not object to this request." |
| | Jan. 7, 2025. | The Court granted the City's *Unopposed Motion to Stay Hearing on Plaintiff's Motion for Partial Summary Judgment* and issued an order removing that motion (Dkt. #25) from the Court's motion calendar. Dkt. #32.  The Court's Order stated, "In the event that this Court denies the City's motion to dismiss, either in whole or in part, the Plaintiff will renote her partial summary judgment motion, and will note it for decision at the first available date at least four weeks after entry of an Order by this Court on the City's motion." |
| | March 7, 2025. | Rather than conduct discovery related to a claim that the Court might dismiss, the Plaintiff refrained from conducting any discovery while waiting for a ruling on the City's motion to dismiss.  Since the discovery cutoff date was only a few months off, Plaintiff proposed that the parties file a stipulated motion to stay the case schedule pending a ruling on the City's motion, and sent the City a draft of a proposed stipulation. |

PLAINTIFF'S  MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 3
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

| | | |
|---|---|---|
| | March 10, 2025. | The City responded: "Thanks for sending over – hope you had a good weekend. The City of Seattle would prefer this to be an unopposed plaintiff's motion, rather than a joint motion. Can it be set up that way?" *Lobsenz Declaration,* Appendix B. |
| | March 11, 2025. | Plaintiff's counsel agreed to the City's proposed change in the form of the motion and replied, "I changed it from a stipulated joint motion to a Plaintiff's unopposed motion. May I now file it and sign for you all?" *Lobsenz Declaration*, Appendix C. Later that same day counsel for the City replied, "Thanks, Jim. This works for the City – you can sign on my behalf." *Id.,* Appendix D. |
| | March 12, 2025. | Plaintiff Horner filed a *Motion for Stay of Case Pending Resolution of Pending CR 12(b)(6) Motion.* Dkt. #33. |
| | March 13, 2025. | The Court granted the unopposed motion and issued an order staying the case pending resolution of Seattle's pending motion to dismiss. Dkt. #34. |
| | May 5, 2025. | Plaintiff's counsel Fadi Assaf checked with the Court and inquired when the parties could expect a ruling on the City's pending 12(b)(6) motion. The Clerk advised Mr. Assaf that a ruling would likely be issued in about three weeks. |
| | Aug. 16, 2025. | Plaintiff's counsel James Lobsenz checked with the Court and again inquired as to when a ruling might be expected. The Clerk advised Mr. Lobsenz that it would likely be another 4-6 weeks. |
| | Dec. 13, 2025. | Plaintiff's counsel checked with the Clerk again and learned that there are twelve pending criminal motions on the Court's calendar |

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 4
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

and that they will likely be considered before the City's pending 12(b)(6) motion in this case. Counsel was also informed that because an order staying the case schedule was issued back on March 13, 2025, the Plaintiff's motion for partial summary judgment is not marked on the Court's docket with the symbol which identifies it as an unresolved motion until counsel called on December 13th. Consequently, counsel was advised that the Clerk had not been aware of it.

## II. REASONS WHY MOTION SHOULD BE GRANTED

The City's Motion to Dismiss is still pending.

Currently there are 12 pending criminal motions on the Court's calendar. Plaintiff's counsel was advised that they will likely be considered before the Court considers the Defendants' pending motion to dismiss.

The Defendants' motion has now been pending for almost one year.

When the City asked the Plaintiff to stipulate to entry of a stay of her partial summary judgment motion, Plaintiff agreed to do so because such a stay seemed to be in the interests of judicial economy and because Plaintiff expected that this stay would not last very long. Local Civil Rule 7(b)(5) provides:

> All motions will be decided as soon as practicable, and normally within thirty days following the noting date.

The noting date was January 3, 2025. Thus, Plaintiff anticipated that there would be a ruling on the City's motion to dismiss by early February.

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 5
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

Rule 7(b)(5) states:

> The court encourages counsel to call the assigned judge's courtroom deputy to verify that a motion is scheduled for determination if a decision on the motion has not been received within 45 days of the noting date.

When there was no ruling after four months, in accordance with the local rule, Plaintiff's counsel contacted the courtroom deputy and was advised that there would likely be a ruling within 21 days.

When there was no ruling after more than seven months, Plaintiff's counsel again contacted the courtroom deputy and was advised that ruling would likely be issued in the next month or so.

When there was no ruling after 11 months, Plaintiff's counsel inquired again and was advised that there were 12 pending criminal motions which would be considered first and then the City's pending motion to dismiss would be considered. So further delay in resolving that motion is anticipated.

Plaintiff's present concern is that after a ruling on the City's motion to dismiss is issued, and assuming that the City's motion is denied either completely or in part, then there will be *anothe*r lengthy delay before the Court can consider the Plaintiff's stayed motion for partial summary judgment.

The City's pending motion to dismiss and the Plaintiff's stayed motion for partial summary judgment are closely related. As a matter of judicial efficiency, it would make sense to have both motions considered at the same time. Nearly a year ago, Plaintiff agreed to accommodate the City and did not oppose the City's motion to stay her summary judgment motion so that the City would know which of the Plaintiff's claims survived the motion to dismiss before having to respond to the summary judgment motion. But now, given

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 6
(2:24-cv-01488-RSL)

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

  (1) the unanticipated length of the stay of the Plaintiff Horner's motion for partial summary judgment;

  (2) the likelihood that the Court will deny, or deny in part, the City's pending motion to dismiss;

  (3) the consequent likelihood that there then would be an additional long delay before there was a ruling on the Plaintiff's motion;

  (4) further delay before any discovery is conducted by any of the three parties;[1] and

  (5) the fact that Ms. Horner is houseless and has been waiting for resolution of her claims that she hopes will make it easier for her to acquire a permanent solution to her housing problem,

it is no longer equitable to maintain the stay of either Plaintiff Horner's motion, or the stay of the case schedule.

  The overlap between the City's motion and the Plaintiff's motion is considerable. For example, the City contends that the seizure of Horner's vehicle was legally justified as a matter of law. Therefore, the City argues that the Court should grant its 12(b)(6) motion and dismiss Horner's conversion claim. Horner maintains that the seizure of her vehicle was unjustified and illegal. She notes that the Municipal Court previously found that the impound of her vehicle was unjustified and unlawful as a matter of law. She argues that collateral estoppel precludes relitigation of this issue. Consequently, Horner maintains that she is entitled to partial summary judgment on her conversion claim. These are all questions of law. There is no reason why this Court cannot and should not decide both motions at the same time. There is no reason to

---

[1] As noted in her motion for partial summary judgment, there was an impound hearing in Seattle Municipal Court. Officer Strozier and other City employees testified at that hearing. The Municipal Court ruled that the impound of Horner's vehicle was unconstitutional and that decision was not appealed. Plaintiff Horner does not foresee the need to depose the people who testified at the Municipal Court hearing. However, Horner does wish to depose several employees of Limcoln Towing, and to submit requests for production and interrogatories to the City regarding its vehicle impound policies.

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 7
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

issue a ruling denying the City's motion and then to tee up Horner's summary judgment motion and address essentially the same issue and grant her motion many months after disposing of the City's motion to dismiss.

One very long delay is enough. Two long delays before these related issues are resolved is antithetical to the goal of judicial economy. Judicial economy is the reason the City offered eleven months ago for staying Horner's motion. Unfortunately, judicial economy has not been served by that stay. Rather than risk even more delay, both stays should be lifted now.

If the City's position prevails, and if the Court grants the Defendants' pending motion and dismisses the entire case, then the Court will never need to consider the Plaintiff's motion at all. But if the Court denies the Defendants' motion either in whole or in part, it will be more efficient to consider and resolve the Plaintiff's motion at the same time and will prevent further delay in the resolution of this case..

### III.    CONCLUSION

For these reasons, Plaintiff Horner asks this Court to issue an order lifting both the stay of the Plaintiff's motion for partial summary judgment and the stay of the case schedule, directing the Defendants to file their brief in opposition to the Plaintiff's summary judgment motion within 21 days of the Court's order, and the Plaintiff to file her reply brief in support of her motion 7 days thereafter, and setting a new trial date and a new discovery cutoff date.

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 8
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

DATED this 17th day of December, 2025.

    *s/ James E. Lobsenz*
James E. Lobsenz WSBA #8787
lobsenz@carneylaw.com
Attorneys for Plaintiff
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215

    *s/ Fadi M. Assaf*
Fadi M. Assaf, WSBA #53687
fadi.assaf@nwjustice.org
Attorney for Plaintiff
NORTHWEST JUSTICE PROJECT
401 2nd Ave S, Suite 407
Seattle, WA 98104
Phone: (206) 464-1519
Facsimile: (206) 299-3123

I certify that this memorandum contains 1,895 words, in compliance with the Local Civil Rules.

---

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 9
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2025, I electronically filed the foregoing PLAINTIFF'S MOTION TO LIFT STAYS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendants City of Seattle and Robert Strozier**
Joseph Everett
Dallas LePierre
Carson Canonie
SEATTLE CITY ATTORNEY
701 5th Avenue Suite 2050
Seattle, WA  98104
Tel:  206-684-8200
Joseph.Everett@seattle.gov
Dallas LePierr@seattle.gov
Carson Canonie@seattle.gov

DATED this 17th day of December, 2025.

          *s/ Patti Saiden*
Legal Assistant

PLAINTIFF'S MOTION FOR AN ORDER LIFTING BOTH THE STAY OF THE CASE SCHEDULE, AND THE STAY OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT SO THAT IT CAN BE CONSIDERED AT SAME TIME AS DEFENDANTS' STILL PENDING MOTION TO DISMISS – 10
(2:24-cv-01488-RSL)

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

PB-0011 8162430